## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JERI WASCO
1702 Forest Glen Road
Silver Spring, MD 20910

       Plaintiff,

vs.                                                    CASE NO.:

BARNSIDE DINER III, INC., a
Maryland corporation, d/b/a
COLLEGE PARK DINER
9206 Baltimore Avenue
College Park, MD 20740

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, JERI WASCO ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues, BARNSIDE DINER III, INC., a Maryland corporation, d/b/a COLLEGE PARK DINER, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., and alleges:

### **JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the Maryland.

3.      Plaintiff, JERI WASCO (hereinafter referred to as "MS. WASCO") is a resident of the State of Maryland and is an individual with a qualified disability under the ADA.   MS. WASCO suffers from cerebral palsy, which constitutes a "qualified disability" under the ADA and all other applicable Federal statutes and regulations.  MS. WASCO requires the use of a wheelchair for mobility. Prior to instituting the instant action, MS. WASCO personally visited the Defendant's premises, **COLLEGE PARK DINER** (hereafter referred to as the "DINER"), located at **9206 Baltimore Avenue**, **College Park, MD 20740**, and attempted to avail herself of the goods, services and accommodations offered therein and was denied full, safe and equal access to the Defendant's premises due to the Defendant's lack of compliance with the ADA.  MS. WASCO continues to desire and has a present intention to visit the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the barriers to access which continue to exist in violation of the ADA.

4.      The Defendant, BARNSIDE DINER III INC., a Maryland corporation, d/b/a COLLEGE PARK DINER (hereinafter referred to as "BARNSIDE") is authorized to conduct and is conducting business in the State of Maryland. Upon information and belief, BARNSIDE is the owner and/or operator of the real property and improvements which is the subject of this action, to wit: the DINER.

5.      All events giving rise to this lawsuit occurred in the State of Maryland.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.      Plaintiff re-alleges and re-avers paragraphs one through five.

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the DINER owned and/or operated by BARNSIDE, is a place of public accommodation in that it is a restaurant/diner, which provides goods and services to the public.

9.      Defendant, BARNSIDE, has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full, safe and equal access to the goods, services, facilities, privileges, advantages and/or accommodations at the DINER in derogation of 42 U.S.C. § 12101 et. seq.

10.     Prior to the filing of this lawsuit, the Plaintiff visited the DINER and was denied full, safe and equal access to the benefits, accommodations and services of BARNSIDE,  a place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and has a present intention to visit the DINER in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the DINER in violation of the ADA.  MS. WASCO has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.     Defendant, BARNSIDE is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

i.      There is an insufficient number of accessible parking spaces provided;
ii.     There is an insufficient number of van accessible parking spaces provided;
iii.    The "accessible" parking spaces lack adequate and compliant access aisles;
iv.     The accessible signage is mounted too low;
v.      There is no lowered section of the food counter;
vi.     The hardware on the toilet room door and the lavatory require pinching, gasping and/or twisting of the wrist to operate;
vii.    The pipes underneath the lavatory lack proper insulation;
viii.   There is no rear grab bar at the water closet;
ix.     The toilet room lacks adequate and compliant signage;
x.      The accessible stall is too small;
xi.     The stall latch is mounted too high and requires pinching and grasping.
xii.    There is an insufficient number of accessible seating positions in the restaurant;

13.     There are other current violations of the ADA at the DINER owned and/or operated by the BARNSIDE which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

4

15.     Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, BARNSIDE was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, BARNSIDE has failed to comply with this mandate.

16.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by BARNSIDE DINER pursuant to 42 U.S.C. § 12205.

17.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against BARNSIDE and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and/or administered by BARNSIDE is not in compliance with the mandates of the ADA;

B.     That the Court enter an Order directing BARNSIDE to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing BARNSIDE to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 25th day of August, 2006.

Respectfully submitted,

By:  /s/ Jason E. Miles
Jason E. Miles, Esquire
Federal Bar No. 26349
Schwartz Zweben & Slingbaum, LLP
P.O. Box 65003
Baltimore, MD 21209
Telephone: (410) 727-0406
Facsimile: (410) 727-0466
jmiles@szalaw.com